# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LOREN C. DATLOF, BAR NO. 10331.

No. 71579

FILED

MAY 0 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Loren C. Datlof. Under the agreement, Datlof admitted to violations of RPC 1.3 (diligence), RPC 1.16 (declining or terminating representation), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4 (misconduct). The agreement provides for a one-year suspension commencing January 1, 2017, the payment of $2,802.48 in restitution, and the payment of the costs of the disciplinary proceedings.

The State Bar has the burden of showing by clear and convincing evidence that Datlof committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, Datlof has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Datlof violated the above-referenced rules by failing to respond to discovery, to file a pre-arbitration brief, or to appear at an arbitration, and also, by filing a meritless request for a trial de novo.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of

17-14953

aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Datlof violated duties owed to his clients (diligence, declining or terminating representation) and the profession (fairness to opposing party and counsel). The admitted violations reflect negligence or knowing misconduct. The clients were harmed by the dismissal of their case because of Datlof's failure to respond to discovery, file a necessary hearing brief, or appear at the arbitration. Further, the opposing party was harmed by having to file a motion to strike the meritless trial de novo request after Datlof had failed to pursue the action at arbitration. Based on the most serious instances of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar. Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *see id.* Standard 4.42 (providing that suspension is appropriate for "knowingly fail[ing] to perform services for a client and caus[ing] injury or potential injury to a client"). Considering the duties violated, the injury caused by Datlof's misconduct, and the aggravating and mitigating circumstances, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). The recommended discipline is especially appropriate considering Datlof's previous disciplinary action involving similar violations.

Accordingly, we hereby suspend attorney Loren C. Datlof from the practice of law in Nevada for a period of one year, retroactive to January 1, 2017, the day on which Datlof has voluntarily agreed to

suspend his practice.[1] Further, Datlof shall pay $2,802.48 in restitution to his clients if they have already paid the subject judgment or to opposing counsel if his clients have yet to pay the judgment. Datlof shall also pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, *see* SCR 120(1), as invoiced by the State Bar within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                               Gibbons

_____, J.          _____, J.
Pickering                                             Hardesty

_____, J.          _____, J.
Parraguirre                                          Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Loren C. Datlof
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]We note that Datlof will be subject to the remaining portion of his discipline outlined in *In re Discipline of Datlof*, Docket No. 67882 (Order Approving Amended Conditional Guilty Plea Agreement, Dec. 2, 2015), upon his reinstatement.